UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00707-RJC-DCK

| MONTEZ DENARD HARRIS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **<u>Order</u>** |
| TRANSUNION, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's motion to dismiss for improper service of process or, in the alternative, leave to respond out of time (the "Motion"). (Doc. No. 9). For the reasons stated herein, the Motion is **GRANTED**.

I. BACKGROUND

This matter was filed pro se on September 22, 2020. (Doc. No. 1). The Complaint alleges Defendant violated the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") by "reporting fraudulent information" on Plaintiff's credit report. (*Id.* ¶¶ 1, 6). On review of Plaintiff's motion to proceed in forma pauperis, the Court concluded Plaintiff's claim under FCRA is not clearly frivolous, but dismissed Plaintiff's FDCPA claim and any attempted claim based on an invasion of privacy. (Doc. No. 3). Thereafter, the United States Marshals Service served the Summons and Complaint, by certified mail, to "Transunion" at 555 West Adams Street, Sixth Floor, Chicago, Illinois 60661-3614. (Doc. No. 5). Defendant failed to timely respond to the Complaint in February 2021. (*Id.*).

On June 17, 2021, Defendant's counsel entered notices of appearance and filed a motion to dismiss for improper service of process for failing to direct the Summons and Complaint to an officer, director, or agent of Defendant. (Doc. Nos. 6, 7, 9). According to the Motion, Defendant received the Summons and Complaint on January 27, 2021, which was uploaded to its "internal system for new litigation, used to track and assign cases. However, due to an inadvertent administrative error, [Defendant] did not send the Complaint to outside counsel until June 14, 2021, after the responsive pleading deadline had passed." (Doc. No. 9 at 1-2).

On June 18, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of his right to respond to the Motion, that failure to respond may result in dismissal, and ordered Plaintiff to respond on or before July 2, 2021 (the "*Roseboro* Order"). (Doc. No. 11). Plaintiff did not file a timely response to the Motion, but on August 16, 2021, he filed a document titled, in part, "Plaintiff . . . Motion And Moves For Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan." (Doc. No. 13). Liberally construing Plaintiff's filing, the Court denied Plaintiff's motion, and provided Plaintiff until August 30, 2021, to file a response to Defendant's motion to dismiss. (Doc. No. 14). This Order and another copy of the *Roseboro* Order were served on Plaintiff by certified mail and email. (*Id.*). Twice the Orders mailed to Plaintiff were returned as undeliverable and unable to forward. (Doc. Nos. 15, 16). To date, Plaintiff has failed to respond to the Motion and has not kept the Court updated with appropriate contact information.

II. DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs service of process and provides that a plaintiff is responsible for serving a summons and copy of the complaint on a defendant. Fed.

R. Civ. P. 4(c)(1). Absent waiver or consent, a court cannot exercise personal jurisdiction over a party until it has been properly served in accordance with the applicable Federal Rules of Civil Procedure. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. V. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

A plaintiff may defend a motion to dismiss for insufficient process or service of process by establishing proper process and service and bears the burden of establishing that service of process has been perfected in accordance with Rule 4. *Scott v. Maryland State Dep't of Labor*, 673 Fed. App'x 299, 303 (4th Cir. 2016); *see also Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010). A plaintiff's pro se status is insufficient to establish good cause justifying a failure of service, even where the pro se plaintiff mistakenly believes that service was made properly. *Hansan v. Fairfax Cty. School Bd.*, 405 Fed. Appx. 793, 794 (4th Cir. 2010). Additionally, pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Under Rule 4, service of process on an entity may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under North Carolina law, service on a corporation may be made by "mailing a copy of the summons and of the

complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent . . . ." N.C. Gen. Stat. § 1A-1(j)(6).

Here, Plaintiff directed the Summons and Complaint only to "Transunion," not an officer, director, or registered agent as required by Rule 4. (Doc. No. 4). Additionally, despite two orders providing the time with which to respond, including additional time to respond to the Motion, Plaintiff failed to respond to Defendant's motion to dismiss and has not provided good cause insufficient process and service.[1] Accordingly, Plaintiff Complaint will be dismissed without prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's motion to dismiss for improper service of process (Doc. No. 9) is **GRANTED**;

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice.

The Clerk is directed to close this case.

Signed: February 8, 2022

Robert J. Conrad, Jr.
United States District Judge

---

[1] Moreover, Plaintiff failed to keep the Court apprised of his contact information, which constitutes a failure to prosecute. *Brooks v. Donahue*, No. 3:11-cv-50-RJC, 2012 WL 831919 ("Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute." (internal citations omitted)).